<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| THOMAS I. GAGE, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 3:16-cv-3119-BRM-LHG |
| | : | |
| SOMERSET COUNTY (law enforcement), | : | **OPINION** |
| Former Prosecutor Geoffrey D. Soriano, | : | |
| Det. Michael C. Schutta, | : | |
| SOMERSET COUNTY JAIL, | : | |
| Yolanda Ciccone (State Judge), and | : | |
| Jay B. Bohn, | : | |
| | : | |
| Defendants. | : | |

MARTINOTTI, DISTRICT JUDGE

Before this Court are the following motions: (1) Motion to Dismiss by Defendant Jay B. Bohn ("Bohn") (ECF No. 4); (2) Motion to Dismiss by Defendants Somerset County and Somerset County Jail (collectively, the "Somerset Defendants") (ECF No. 6); (3) Motion to Dismiss by Defendants Judge Yolanda Ciccone ("Judge Ciccone"), Detective Michael C. Schutta ("Detective Schutta"), and former prosecutor Geoffrey D. Soriano ("Soriano") (ECF No. 30); and (4) Plaintiff Thomas Gage's ("Plaintiff") request for the production of documents (ECF Nos. 31, 34, 35). For the reasons set forth below and good cause having been shown, defendants' motions to dismiss (ECF Nos. 4, 6, 30) are **GRANTED** and Plaintiff's discovery request (ECF Nos. 31, 34, 35) is **DENIED as moot**. Plaintiff's Complaint ("Complaint") (ECF No. 1) is **DISMISSED** in its entirety. Plaintiff is allowed thirty (30) days to file an amended complaint.

## I. BACKGROUND

Because Plaintiff's Complaint (ECF No. 1) does not allege any specific facts but rather attaches several exhibits, the following facts are gleaned from those exhibits which, along with defendants' motions (ECF Nos. 4-2, 6-1, 30-1) and Plaintiff's oppositions (ECF Nos. 7, 32), more thoroughly illustrate Plaintiff's contentions.

This litigation arises from prior cases brought by Plaintiff in New Jersey Superior Court and the United States District Courts for the District of New Jersey and the District of Delaware regarding the development of real property adjacent to his former residence (the "Sleepy Hollow Development") and the foreclose proceedings related to that residence. In several of those cases, injunctions were entered against Plaintiff enjoining him from filing suits. *See Gage v. Provenzano et al.*, 3:13-cv-2256, 2013 WL 6623924 (D.N.J. Dec. 13, 2013); *Gage v. Wells Fargo Bank*, 3:12-cv-0777, 2013 WL 3443295 (D.N.J. July 9, 2013); *Gage v. Kumpf, et al.*, 3:12-cv-2620, 2012 WL 5630568 (D.N.J. Nov. 15, 2012); Letter Order, *Gage v. Warren Township Planning Board, et al.*, SOM-L-1447-14 (N.J. Sup. Ct. Law Div., Jan. 16, 2015).

Specifically, on January 16, 2015, Judge Ciccone entered an order enjoining Plaintiff from filing future suits regarding the Sleepy Hollow Development without leave of court ("Superior Court Injunction Order"). (ECF No. 1 at Ex. G.) On August 10, 2015, in violation of the Superior Court Injunction Order, Plaintiff filed suit in the United States District Court for the District of Delaware pertaining to the Sleepy Hollow Development. (Dkt. No. 1:15-cv-695-LPS; *see* ECF No. 1 at Ex. C.) A warrant was entered following Plaintiff's alleged violation of the Superior Court Injunction (ECF No. 1 at Exs. C, D). In support of the warrant, Detective Schutta filed an Affidavit/Certification in Support of Probable Cause in which he restated the above procedural history and added:

> The above [Superior Court Injunction Order] was subsequently returned to Jay Bohn Esq with the handwritten words "For the court record Plaintiff objects and rejects the court order lack of jurisdiction!!" Page 2 of the order contains what appears to be the same signature of the name Thomas Gage with the date 1/28/15 and a fingerprint.

(*Id.* at Ex. C.)

Plaintiff was arrested by the Watchung Police Department on February 6, 2016 after a random plate inquiry revealed the warrant. (*Id.* at Ex. A).[1] Plaintiff alleges he never saw or received the warrant and that the warrant is a result of fraud. (*Id.* at 7.) After his arrest, Plaintiff was released to the Somerset County Prosecutor's Office and detained in the Somerset County Jail. (*Id.* at Exs. A, B.) On May 27, 2016, Plaintiff filed this suit alleging false arrest, false imprisonment, kidnapping, and malicious prosecution arising from his arrest, specifically claiming: he was held against his will; law enforcement overstepped their authority and conspired to hurt or kill him; court documents were forged; and defendants engaged in criminal conduct. (*Id.* at 5-7.)

Defendants now move to dismiss Plaintiff's Complaint for lack of jurisdiction and failure to state a claim. (ECF Nos. 4, 6, 30.) Plaintiff opposes the motions (ECF No. 7) and, in response to the motion filed by Judge Ciccone, Detective Schutta, and Soriano, Plaintiff requests discovery stating, "In order for me, [sic] to take action in defense of your pending motion to dismiss my case . . . , I need you, [sic] to fulfill my previous request, to produce the relevant documents as disclosed to you . . ." (ECF No. 34 at 2; *see* ECF Nos. 31, 35).

---

[1] Plaintiff alleges "the Defendants, Somerset County law enforcement agents, overstepped their authority and arrested, handcuffed [sic] Plaintiff and taken [sic] him to the Somerset County jail, where Plaintiff was held in a cell for three days against his will." (ECF No. 1 at 5.) However, Exhibit A to the Complaint indicates he was arrested by the Watchung Police Department then turned over to officials in Somerset County. (*Id.* at Ex. A.)

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

When a defendant moves to dismiss a claim for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the court must determine whether defendant is making a "facial or factual challenge to the court's subject matter jurisdiction." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Mortensen v. First Federal Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Under a facial attack, the movant challenges the legal sufficiency of the claim, and the court considers only "the allegations of the complaint and documents referenced therein and attached thereto in the light most favorable to the plaintiff." *Gould Elecs.*, 220 F.3d at 176; *Mortensen*, 549 F.2d at 891 ("The facial attack does offer similar safeguards to the plaintiff [as a 12(b)(6) motion]: the court must consider the allegations of the complaint as true.") The Court "may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction." *D.G. v. Somerset Hills Sch. Dist.*, 559 F. Supp. 2d 484, 491 (D.N.J. 2008) (citing *Cardio–Medical Assoc., Ltd. v. Crozer–Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir.1983)).

Under a factual attack, however, the challenge is to the trial court's "very power to hear the case." *Mortensen*, 549 F.2d at 891. Thus:

> [T]here is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Mortensen*, 549 F.2d at 891. Moreover, in a factual attack, "the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Gould Elecs.*, 220 F.3d at 178.

Regardless of the analysis, the plaintiff bears the burden of demonstrating the existence of subject matter jurisdiction. *See McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006); *Lightfoot v. United States*, 564 F.3d 625, 627 (3d Cir. 2009) (citing *Carpet Grp. Int'l v. Oriental Rug Importers Ass'n*, 227 F.3d 62, 69 (3d Cir. 2000)).

Here, Defendants are asserting a facial 12(b)(1) challenge. They do not dispute the facts asserted by Plaintiff but rather argue that the claims asserted to not provide this Court with jurisdiction. This "facial" attack limits the Court's review to the pleadings and exhibits attached thereto, and the Court must consider the allegations in the light most favorable to Plaintiff. *Gould Elecs.*, 220 F.3d at 176; *Mortensen*, 549 F.2d at 891. Plaintiff bears the burden of proving subject matter jurisdiction, *McCann*, 458 F.3d at 286; *Lightfoot*, 564 F.3d at 627, and the Court must dismiss the complaint if it appears to a certainty Plaintiff cannot demonstrate a colorable claim of jurisdiction, *D.G.*, 559 F. Supp. 2d at 491.

**B. Rule 12(b)(6)**

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the

factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than 'an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. JURISDICTION

"Federal courts are courts of limited jurisdiction that may only hear a case if the constitution or a federal statute provides the court with jurisdiction." *Jackson v. Delaware River & Bay Auth.*, 224 F. Supp. 2d 834, 841 (D.N.J. 2002) (Simandle, C.J.) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)). Federal courts have original jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1332, which

provide for federal question jurisdiction and diversity jurisdiction, respectively. In other words, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and "any civil action where the amount in controversy exceeds $75,000 and is between citizens of different states, between citizens of a state and citizens of a foreign state, or between a foreign state and citizens of a state," *Jackson*, 224 F. Supp. 2d at 841 (citing 28 U.S.C. § 1332). Federal common law claims, to the extent a claim exists, fall within federal question jurisdiction. *Ne. Dep't ILGWU Health & Welfare Fund v. Teamsters Local Union No. 229 Welfare Fund*, 764 F.2d 147, 154-58 (3d Cir. 1985).

Plaintiff has the burden of establishing jurisdiction. *Kokkonen*, 511 U.S. at 377; *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). That said, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Kehr Packages, Inc.*, 926 F.2d at 1409. Thus, "[i]t is to be presumed that a cause lies outside this limited jurisdiction." *Kokkonen*, 511 U.S. at 377.

It is unclear from the face of the Complaint how or why Plaintiff contends this Court has jurisdiction. Plaintiff states, "This is a Common Law compensation claim for False Arrest, False imprisonment, Kidnapping and for a Malicious Prosecution," (ECF No. 1 at 1-2), but also cites Constitutional Amendments I, IV, and XIV as the "Constitutional Provisions Involved," (ECF No. 1 at 2). Furthermore, none of the causes of action specifically implicate a federal question, and there is no question that the Complaint does not give rise to diversity jurisdiction. The Court reviews each of Plaintiff's causes of action below to determine whether any of Plaintiff's claims, albeit not specifically, can be read to invoke this Court's jurisdiction.

## IV. DECISION

### A. False Arrest And False Imprisonment

Plaintiff brings a claim for false arrest as a "crime and civil harm" asserting "the Defendants, Somerset County law enforcement agents, wrongfully h[e]ld Plaintiff against his will and took him into custody, by acting beyond or outside the scope of their authority" and "intentionally and wrongfully restrict[ed] Plaintiff's personal freedoms, against the Plaintiff's consent, committing the crime of false arrest." (ECF No. 1 at 5.) No other details are alleged, but Plaintiff cites to the following in support: Watchung Police Department Discovery Request, CAD Report, Arrest Report, Prisoner Log, and Property Report; and Certified Driver Abstract. (ECF No. 1 at Ex A.)

For his false imprisonment claim, Plaintiff alleges a "criminal offense for which damages may be awarded." He claims "the Defendants, Somerset County law enforcement agents, overstepped their authority and arrested, handcuffed Plaintiff and t[ook] him to the Somerset County jail,[2] where the Plaintiff was held in a cell for three days against his will . . . without a warrant, or with a warrant illegally executed." (ECF No. 1 at 5.)

These causes of action, as alleged, do not pose a federal question. Therefore, this Court does not have jurisdiction to decide them. Even so, Plaintiff's Complaint fails to state any cause of action. In order to state a cause of action for false arrest or false imprisonment, Plaintiff must show the detention was unlawful. *James v. City of Wilkes-Barre*, 700 F.3d 675, 683 (3d Cir. 2012) (setting for the elements for false imprisonment under § 1983 and the Fourth Amendment); *Dowling v. City of Philadelphia*, 855 F.2d 136, 141 (3d Cir. 1988) (explaining the elements of false arrest for a cause of action under § 1983); *Celestine v. Foley*, No. Civ. A. 10-1775 NLH, 2010 WL 5186145, at *3 (D.N.J. Dec. 14, 2010) (appearing to explain the elements for a federal common law false arrest cause of action).

---

[2] *See supra* footnote 1.

Based on Plaintiff's allegations and the documents attached to Plaintiff's Complaint, Plaintiff fails to allege the detention was unlawful and therefore fails to state a claim. Plaintiff was aware of the injunction, he knowingly violated it, and the warrant was properly executed. Plaintiff fails to allege how he believes the warrant was illegally executed.[3] Therefore, Plaintiff's claims for false arrest and imprisonment are dismissed for lack of jurisdiction and failure to state a claim.

## B. Kidnapping

Plaintiff alleges he was "kidnapped by Defendants" who "intended to harm [him], in retaliation of Plaintiff's participation in Federal and State judicial proceedings," where Plaintiff is a "victim of their crimes" and "a crucial Federal eyewitness" and where he plans to present "all his forensic criminal evidence against Defendants." (ECF No. 1 at 6.)

Kidnapping is a criminal offense in New Jersey for which Plaintiff does not have standing to bring a claim. *See Ben-Haim v. Avraham*, No. 15-6669, 2016 WL 4621190, at *2 n.3 (D.N.J. Sept. 6, 2016); *Bey v. Clementon Elementary Sch./Dist.*, No. 10-5609, 2011 WL 2973772, at *5 (D.N.J. July 21, 2011) ("[B]ecause kidnapping is not a civil offense under the law of New Jersey, this Court lacks jurisdiction over Plaintiff's kidnapping claim.").

Accordingly, Plaintiff's kidnapping claim is dismissed for lack of jurisdiction.

## C. Malicious Prosecution

Plaintiff alleges former prosecutor Soriano committed "a judicial misuse" and "criminal action" by "commenc[ing] unsuccessfully criminal proceeding [sic], without Jurisdiction, against Plaintiff." (ECF No. 1 at 6-7.) Furthermore, Plaintiff alleges he was arrested on warrants he never

---

[3] The Court takes notice of Exhibit G to the Complaint in which Plaintiff subpoenaed documents from Judge Ciccone. The subpoena appears to allege various orders and opinions issued by Judge Ciccone between January 16, 2015 and January 27, 2016 were forged. (ECF No. 1 at Ex. G.) If Plaintiff does, in fact, wish to make these allegations, they must be made in an amended complaint together with any additional facts necessary to sufficiently state cause of action.

received and has never seen. In support, Plaintiff cites Detective Schutta's Affidavit/Certification in Support of Probable Cause and Somerset County Prosecutor's Office Administrative Dismissal form.

Plaintiff's Complaint fails to assert a federal cause of action and fails to allege facts sufficient to state a claim for malicious prosecution. To prove malicious prosecution, Plaintiff must prove, among other things, that probable cause did not exist. *Lind v. Schmid*, 67 N.J. 255, 262-63 (1975). Not only did Plaintiff fail to sufficiently allege this element of the claim, the very documents on which he relies, i.e. Detective Schutta's Affidavit and the Complaint Warrant, bely his allegations. (ECF No. 1 at Exs. C, D.) Plaintiff fails to allege facts sufficient for this Court to find a valid cause of action. Accordingly, this cause of action is dismissed.

**D. Plaintiff's Request For Discovery**

A motion to dismiss is decided on the pleadings. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). Therefore, Plaintiff is not entitled to discovery in order to respond to Defendants' motions. The Court, having granted defendants' motions to dismiss and dismissing Plaintiff's Complaint, denies Plaintiff's discovery request as moot.

**IV. CONCLUSION**

For the reasons set forth above, the Defendants' motions (ECF Nos. 4, 6, 30) are **GRANTED**, the Complaint (ECF No. 1) is **DISMISSED** in its entirety, and Plaintiff's discovery request (ECF Nos. 31, 34, 35) is **DENIED as moot.** Plaintiff is allowed thirty (30) days to amend his Complaint. An appropriate order will follow.

*/s/ Brian R. Martinotti*
**BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated:  January 30, 2017